[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
On April 17, 1995, the plaintiff, Monica Brown, as administratrix of the estate of Herman Brown and individually, filed a revised nine count complaint against the defendant, Riverside Health Care Center, Inc. ("Riverside"), alleging that on or about February 12, 1990, Herman Brown, the deceased husband of the plaintiff, became a patient at Riverside and on February CT Page 13142 13, 1992, he passed away while still a patient.
In Counts One through Seven, the plaintiff alleges that the defendant was negligent in various ways in its care of the decedent and claims damages. In Count Eight, the plaintiff alleges that the defendant, as a provider of services to the public, acted in violation of CUTPA.
On April 26, 1995, the defendant filed a motion to strike Counts Two through Seven of the plaintiff's revised complaint on the ground of misjoinder of claims and to strike Count Eight on the ground that the plaintiff has failed to state a cause of action under CUTPA.
-I-
The defendant argues that Counts One through Seven allege separate acts of negligence supported by different facts and are, therefore, improperly combined in the same complaint. The plaintiff claims that the causes of action alleged in Counts One though Seven arise out of the continuing nursing and medical treatment provided to Herman Brown and may, therefore, be combined in the same complaint.
Section 133 of the Practice Book provides, in relevant part, that "In any civil action the plaintiff may include in his complaint both legal and equitable rights and causes of action, and demand both legal and equitable remedies; but, if severalcauses of action are united in the same complaint, they shall all be brought to recover, either . . . upon claims, whether in contract or tort or both, arising out of the same transaction ortransactions connected with the same subject of action. The several causes of action so united shall all belong to one of these classes." (Emphasis added.) Section 134 of the Practice Book provides, in relevant part, that "Transactions connected with the same subject of action within the meaning of subdivision (7) of Sec. 133, may include any transactions which grew out of the subject matter in regard to which the controversy has arisen."
A cause of action is a "single group of facts which are claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." Hall v. Burns,213 Conn. 446, 484 n. 9, (1990). Counts One through Seven of the plaintiff's revised complaint allege that the defendant was CT Page 13143 negligent in its care of the decedent, Herman Brown, based on a different set of facts for each count and each count constitutes a separate cause of action. Under Practice Book § 133, to be properly joined, the causes of action alleged in Counts One through Seven must have arisen from either the same transaction or from transactions connected with the same subject of action.
"A transaction is something which has taken place whereby a cause of action has arisen. It must therefore consist of an act or agreement, or several acts or agreements having some connection with each other, in which more than one person is concerned, and by which the legal relations of such persons between themselves are altered." Craft Refrigerating MachineCo. v. Quinnipiac Brewing Co., 63 Conn. 551, 561, (1893). Counts One through Seven involve different acts from which separate causes of action for negligence have been alleged and therefore constitute separate transactions even though they arise from the same subject of action, the care of Herman Brown. See Szymanskiv. Hartford Hospital, 3 Conn. L. Rptr. 747, 747 (January 2, 1991, Clark, J.).
This court has discretion in addressing the issue of joinder of claims' under section 133 of the Practice Book . . . which section 133 is to be liberally construed. Cohn v. LaidlawTransit, Inc., Superior Court, judicial district of Danbury, Docket No. 319769 (October 31, 1995, Stodolink, J.).
Because the causes of action arise out of transactions stemming from the same subject of action, the claims in Counts One through Seven may be properly joined. Defendant's motion to strike as to Counts Two through Seven of is denied.
-II-
Defendant argues that because negligence is not an adequate basis for liability under CUTPA, General Statutes §§ 42-110a
through 42-110q, Count Eight of the plaintiff's revised complaint should be stricken. In her memorandum in opposition to the defendant's motion to strike, the plaintiff argues that negligence can form a viable basis for a CUTPA claim.
General Statutes § 42-110b(a) states that "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." In implementing this standard, the Connecticut Supreme CT Page 13144 Court has "adopted the criteria set out in the `cigarette rule' by the federal trade commission. That risk consists of three prongs: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200,215, (1990).
For purposes of CUTPA, doctors, hospitals and the practice of medicine fall within the definition of a `person' and a `trade' or `commerce' for purposes of the statute." Venturi v. WilliamW. Backus Hospital, Superior Court, judicial district of New London at New London, Docket No. 523510 (July 1, 1993, Hendel, J.). Because a nursing home provides nursing and medical services, it falls within CUTPA's definitions of a person and a trade or commerce and it may be held liable for a violation of CUTPA.
However, our Supreme Court has held that negligence does not constitute an unfair or deceptive trade practice for purposes of CUTPA, unless, the allegations satisfy all three prongs of the cigarette rule. A-G Foods, Inc. v. Pepperidge Farm, Inc., supra,216 Conn. 215; Slippery v. Burger King Corp., Superior Court, judicial district of New London at Norwich, Docket No. 094746 (March 17, 1992, Hurley, J.). Mere negligence, without more does not violate CUTPA Calise v. Piro, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 110288 (October 29, 1990, Katz, J.).
The negligence alleged in Count Eight of the plaintiff's revised complaint does not meet the criteria of the cigarette rule and does not constitute a violation of CUTPA. Defendant's motion to strike Count Eight is granted.
Wagner, J.